IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, *et al.*<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>BEACON FIRE PROTECTION INC.<br><br>　　Defendant. | Case No. 8:25-cv-00457-DKC |

**DEFENDANT BEACON FIRE PROTECTION INC.'S ANSWER TO COMPLAINT**

　　Defendant, Beacon Fire Protection Inc., by counsel, pursuant to Federal Rule of Civil Procedure 12, files this answer and states as follows:

　　1.　　Defendant admits that the NASI Funds are administered at 8000 Corporate Drive, Landover, MD 20785. The remaining allegations of paragraph 1 are legal conclusions and to the extent that they require a response Defendant denies those allegations.

　　2.　　Defendant admits that it is a corporation existing under the laws of the State of Massachusetts and that it has an office in the State of Massachusetts. Defendant admits that it transacts business in the State of Massachusetts as a contractor or subcontractor in the sprinkler industry. The remaining allegations of paragraph 2 are legal conclusions and to the extent that they require a response Defendant denies those allegations.

　　3.　　The allegations of paragraph 3 are legal conclusions and to the extent that they require a response Defendant denies those allegations.

　　4.　　Defendant admits that it is a signatory to a collective bargaining agreement the terms of which speak for themselves. Defendant denies any allegations to the extent that they

inaccurately or incompletely characterize the Collective Bargaining Agreement.  Defendant denies the remaining allegations of paragraph 4.

5. Defendant admits that it employed employees pursuant to a collective bargaining agreement during the months of January 2021 to the present.  Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits that it is a party to the NASI Trust Agreements and the Guidelines for Participation in the NASI Funds.  Defendant denies the remaining allegations of paragraph 6.

7. The terms of the Collective Bargaining Agreement, the Trust Agreements and the Guidelines speak for themselves.  Defendant denies any allegations to the extent that they inaccurately or incompletely characterize the terms of the Collective Bargaining Agreement.

8. Defendant is without sufficient knowledge or information to form a belief as to the allegations of the first sentence of paragraph 8.  Defendant denies the remaining allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant denies the allegations of the first sentence of paragraph 10.  The terms of the Collective Bargaining Agreement speak for themselves and do not require a response. Defendant denies any allegations to the extent that they inaccurately or incompletely characterize the terms of the Collective Bargaining Agreement.

11. The terms of Article VI, Section 6, of the Restated Agreements and Declarations of Trust establishing the NASI Funds speak for themselves and do not require a response. Defendant denies any allegations to the extent that they inaccurately or incompletely characterize the terms of the Restated Agreements and Declarations of Trust.

12. Defendant denies the allegations of paragraph 12.

13. Defendant admits that it paid contributions for its sprinkler fitter employees in September 2024 late, but that it paid damages with its payment and therefore denies the remaining allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. The terms of the NASI Funds Trust Agreement speak for themselves and do not require a response. Defendant denies any allegations to the extent that they inaccurately or incompletely characterize the terms of the NASI Trust Funds Agreement.

16. Defendant denies the allegations of paragraph 16.

## **AFFIRMATIVE DEFENSES**

1. Portions of Plaintiffs' claims are barred by the applicable statute of limitations.

2. Portions of Plaintiffs' claims are barred by payment.

3. The Complaint fails to state a claim or claims against Defendant upon which relief can be granted.

WHEREFORE, Beacon Fire Protection Inc. demands strict proof of Plaintiffs' claims and respectfully requests that the Court dismiss the complaint and grant such other and further relief as is just and equitable.

|  |  |
|---|---|
| Dated: July 25, 2025 | /s/ *Alexander M. Giles* <br> Lawrence J. Quinn (Bar No. 07545) <br> Alexander M. Giles (Bar No. 25474) <br> Tydings & Rosenberg LLP <br> One East Pratt Street, Suite 901 <br> Baltimore, MD 21202 <br> Telephone: 410-752-9700 <br> Facsimile: 410-727-5460 <br> lquinn@tydings.com <br> agiles@tydings.com <br><br> *Attorneys for Defendant Beacon Fire Protection Inc.* |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July, 2025, a copy of the foregoing was served via PACER and electronic email:

Charles W. Gilligan
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave NW
Suite 800
Washington, DC 20015

*Attorney for Plaintiffs*

                                                                                /s/ *Alexander M. Giles*
                                                        Alexander M. Giles (Bar No. 25474)